# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD COOPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLACKWELL, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01948-SAB<br><br>ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 1 |

**I.**

**INTRODUCTION**

Plaintiff Conrad Cooper ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on November 18, 2011. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

**II.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1 legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while Plaintiff was incarcerated at Avenal State Prison in Avenal, California.  Plaintiff names Blackwell (physician's assistant), Siegrist (physician's assistant), Conanan (medical practitioner), Sampang (medical practitioner), Sprague (medical practitioner), Gill (medical practitioner), Kamen (medical practitioner), Gene Hori (medical practitioner), Molina (registered nurse) and Santiago (registered nurse) as defendants in this action (all defendants collectively referred to as "Defendants").

///

1  Plaintiff contends that the medical treatment he received while at Avenal State Prison
2 was inadequate.  On June 3, 2006, Plaintiff filed a health care request form complaining about
3 his feet.  Plaintiff was seen by Defendant Molina.  (Compl. ¶ 2.)  On November 16, 2006,
4 Plaintiff filed a health care request form about his chest pains, blood pressure, dizziness and sore
5 throat.  Plaintiff was seen by Defendant Santiago.  (Compl. ¶ 3.)  On October 2008, Plaintiff
6 received an x-ray for his back.  (Compl. ¶ 8.)

7  Plaintiff was diagnosed with "staph aureus" in May or June of 2010.  (Compl. ¶ 12.)
8 Plaintiff received blood tests, urine tests, pain medication, and antibiotics.  (Compl. ¶ 12.)
9 Plaintiff also received a consult with a Defendant Gene Mori, a urologist.  (Compl. ¶ 18.)  After
10 the consult, Plaintiff received a CAT scan.  (Compl. ¶ 19.)  On July 15, 2011, Defendant Siegrist
11 informed Plaintiff that he had an infected kidney stone.  (Compl. ¶ 22.)  On July 25, 2011,
12 Plaintiff was taken to the "French Hospital Medical Center."  (Compl. ¶ 23.)  Plaintiff was not
13 initially told what procedure he received, but was later told a stent was placed inside of him.
14 (Compl. ¶¶ 24-25.)  On July 25, 2011, Plaintiff was released from the hospital, but was unable to
15 urinate.  (Compl. ¶ 26.)  Plaintiff was seen by Defendant Conanan when he returned to Avenal
16 State Prison.  (Compl. ¶ 27.)  Around midnight, Plaintiff was taken to the hospital via
17 ambulance.  (Compl. ¶ 28.)  Plaintiff reported fever, chills, nausea, vomiting and had blood in his
18 urine.  (Compl. ¶ 29.)  Defendant Siegrist saw Plaintiff and consulted with Defendant Sampang,
19 but did not provide any other treatment or pain medication at that time.  (Compl. ¶ 29.)

20  Over the next few days, Plaintiff complained about swelling in his lower legs to nurses.
21 (Compl. ¶¶ 30-31.)  On August 1, 2011, Plaintiff went "man down" and Plaintiff was seen by
22 Defendant Siegrist and then was taken to "Twin Cities Hospital."  (Compl. ¶ 35.)  Plaintiff was
23 treated then released to California Men's Colony Prison for treatment for a yeast infection.
24 (Compl. ¶ 37.)  Plaintiff returned to Avenal State Prison on August 17, 2011 and seen by
25 Conanan, who prescribed morphine.  (Compl. ¶ 38.)  Plaintiff complained that the morphine was
26 ineffective.  (Compl. ¶ 40.)

27  Over the next few months, Plaintiff was seen by doctors and received unsuccessful
28 treatments and medical procedures for his condition.  (Compl. ¶¶ 40-49.)

# IV.

# DISCUSSION

### A. Eighth Amendment Claim

Plaintiff contends that Defendants violated his rights under the Eighth Amendment, which prohibits cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

"'Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). In order to rise to the level of deliberate indifference, plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.'" Id. at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's health.'" Id. (quoting Jackson, 90 F.3d at 332).

Plaintiff's complaint does not state any cognizable Eighth Amendment claims. At most, Plaintiff alleged that Defendants were not able to treat Plaintiff's condition. The facts alleged by Plaintiff do not plausibly support the conclusion that Defendants' conduct rose to the level of deliberate indifference.

### B. Individualized Inquiry into Causation

Plaintiff's complaint does not clearly allege how each individual defendant is responsible for the harm alleged in the Complaint. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff] complains.'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Id.

Plaintiff's allegations do not demonstrate how each individual Defendant is liable for the claims alleged in Plaintiff's complaint. Plaintiff must allege facts that show how each individual Defendant acted with deliberate indifference. Plaintiff cannot state a cognizable claim by simply naming every single prison official who provided medical treatment to Plaintiff at some point in time.

### V.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on

the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated November 18, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE